**REVERSE and REMAND; Opinion Filed July 11, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00520-CR**

**HENRY DEMETRIUS ARNOLD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MB09-31021-A**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellant was convicted of driving while intoxicated and sentenced to 180 days in the Dallas County Jail and a $750 fine. In one issue, he argues that he is entitled to a new trial because he timely requested the preparation of the reporter's record, the reporter's record of the trial of this case was either lost or destroyed through no fault of appellant's, the lost or destroyed reporter's record is necessary to the appeal, and the parties could not agree as to what the contents of any substituted reporter's record would or would not show. We sustain appellant's issue and reverse and remand this case for a new trial.

### DISCUSSION

On August 15, 2012, based on correspondence we received from the court reporter in this case, Yolanda Atkins, stating that the SD card on which the trial of this case was recorded had been stolen, we ordered the trial court to make findings regarding the record. After receiving the

trial court's findings, we entered an order on October 2, 2012, adopting the trial court's findings that (1) appellant requested and paid for the record; (2) Ms. Atkins stated that the only portion of the record she was able to recover and transcribe was the closing arguments and sentencing because those portions of the record had already been transcribed and backed up; (3) the audio recording made by Ms. Atkins on a cassette tape had been recorded over; (4) appellant was not at fault for the loss or destruction of the record; (5) the parties could not agree on a substituted record; and (6) the Dallas County District Attorney's Office asked for additional time to determine whether any part of the audio recording could be retrieved.

Our October 2, 2012 order directed the court reporter to file the reporter's record from the closing arguments and sentencing.[1]  We also ordered the parties to file a written stipulation stating either (1) the portion, if any, of the audio recording that could be retrieved; and (2) whether the parties could agree to the content of that transcription; or (3) that no portion of the audio recording could be retrieved.  On November 14, 2012, after receiving no response from the parties, we ordered them to file the written stipulation within ten days.  On December 13, 2012, we received a supplemental clerk's record containing the parties' written stipulation that "no portion of any audio recording pertaining to the actual trial on the merits could be retrieved" and "that the parties can reach no agreement regarding what the substantive and accurate contents of any substituted Reporter's Record would or would not show."

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides in part:

(f) *Reporter's record lost or destroyed*.  An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellants fault, a significant exhibit or a significant portion of the court reporter's notes and records has

---

[1] That portion of the record has been filed with the Court.

been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or if the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

The record of the trial of this case has been lost except for closing arguments and sentencing. The parties could not agree regarding what the contents of any substituted reporter's record would or would not show. "Based on the hearings conducted by the trial court and the evidence adduced" in this case, the State concedes "that the contentions in Appellant's sole issue entitle Appellant to the relief Appellant has requested on appeal." In light of the trial court's findings and the parties' written stipulation, we therefore conclude the requirements of the rule have been met. Accordingly, we sustain appellant's issue.

We reverse the trial court's judgment and remand this case to the trial court for a new trial.

<u>Lana Myers</u>
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
120520F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HENRY DEMETRIUS ARNOLD,
Appellant

No. 05-12-00520-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 1, Dallas County, Texas
Trial Court Cause No. MB09-31021-A.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** .

Judgment entered this 11th day of July, 2013.

/Lana Myers/
LANA MYERS
JUSTICE